UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCEL BUGGS,
        Petitioner,
    v.
CLARK DUCART, Warden,
        Respondent.

Case No. 5:15-cv-03651-PSG

**ORDER TO SHOW CAUSE**

**(Re: Docket No.)**

Marcel Buggs, a state prisoner proceeding with the assistance of counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Buggs has paid the filing fee.[2] The court orders Respondent Clark Ducart to show cause why the petition should not be granted based on Buggs's cognizable claims.

**I.**

Buggs was convicted in state court after a jury found him guilty of three counts of premeditated attempted murder, one count of burglary and one count of street terrorism.[3] The Contra Costa County Superior Court sentenced him to an aggregate term of 40 years to life.[4] Following an appeal, the California Supreme Court denied review.[5]

---

[1] *See* Docket No. 1.

[2] *See id.*

[3] *See id.* at ¶¶ 1-2.

[4] *See id.* at ¶ 3.

[5] *See id.* at ¶ 4.

## II.

This court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[6]

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[7]  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.[8]

## III.

Buggs claims that (1) the Superior Court's failure to instruct the jury on accomplice testimony violated his Fifth and Fourteenth Amendment due process rights to a fair trial; (2) the Superior Court's provision of an unmodified instruction not to speculate on why a person involved in the crime was not prosecuted violated his Fifth and Fourteenth Amendment due process rights to a fair trial; and (3) the cumulative effect of these two errors violated his Fifth and Fourteenth Amendment due process rights to a fair trial.  When liberally construed, these claims are cognizable, and the court orders Ducart to show cause why the petition should not be granted as to these claims.

## IV.

The Clerk shall serve a copy of this order, the petition with all attachments and a magistrate judge jurisdiction consent form on Ducart and Ducart's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Buggs.

---

[6] 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[7] 28 U.S.C. § 2243.

[8] *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

2

Case No. 5:15-cv-03651-PSG
ORDER TO SHOW CAUSE

1   Ducart shall file with the court and serve on Buggs, within 60 days of the date this order is
2   filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
3   showing cause why a writ of habeas corpus should not be granted.  Ducart shall file with the
4   answer and serve on Buggs a copy of all portions of the underlying state criminal record that have
5   been transcribed previously and that are relevant to a determination of the issues presented by the
6   petition.  If Buggs wishes to respond to the answer, he shall do so by filing a traverse with the
7   court and serving it on Ducart within 30 days of the date the answer is filed.

8   Ducart may filed a motion to dismiss on procedural grounds in lieu of an answer, as set
9   forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases,
10  within 60 days of the date this order is filed.  If Ducart files such a motion, Buggs shall file with
11  the court and serve on Ducart an opposition or statement of non-opposition within 28 days of the
12  date the motion is filed, and Ducart shall file with the court and serve on Buggs a reply within 14
13  days of the date any opposition is filed.

14  It is Buggs's responsibility to prosecute this case.  Buggs is reminded that all
15  communications with the court must be served on Ducart by serving a true copy of the document
16  to Ducart's counsel.  Buggs must keep the court and all parties informed of any change of address
17  by filing a separate paper captioned "Notice of Change of Address."  He must comply with the
18  court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
19  failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

20  **SO ORDERED.**
21  Dated: December 11, 2015

22  _____
    PAUL S. GREWAL
23  United States Magistrate Judge

Case No. 5:15-cv-03651-PSG
ORDER TO SHOW CAUSE

3